THE STATE EX REL. WEISS *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470.]

(No. 91-2294—Submitted October 13, 1992—Decided December 11, 1992.)

*Lane, Alton & Horst* and *William Scott Lavelle,* for relator.

*Lee I. Fisher,* Attorney General, *Angela G. Phelps–White* and *Darlene E. Chavers,* Assistant Attorneys General, for respondents.

*Per Curiam.* We overruled a motion to dismiss Weiss' complaint by entry dated May 27, 1992, 63 Ohio St.3d 1473, 591 N.E.2d 243. Perry and the commission, however, did not file their answer within fourteen days after receiving notice of the entry, as required by Civ.R. 12(A)(2)(a), and, on July 2, 1992, Weiss moved for default judgment pursuant to Civ.R. 55. On July 24, 1992, Perry and the commission requested leave to answer.

For the reasons that follow, we overrule the motion for leave to answer and the motion for default judgment. Moreover, because this disposition eliminates all justification for a writ of mandamus, we further deny the writ.

### Leave to Answer

When a motion for leave to answer is filed after the date the answer was due, Civ.R. 6(B)(2) permits an extension upon a showing of excusable neglect. Perry and the commission assert that they failed to answer timely because (1) new assistant attorneys general ("AAGs") were being assigned to replace the former AAG who was counsel of record when the motion to dismiss was overruled, and (2) the AAG who oversaw the reassignment did not "subjective[ly] or objective[ly]" know about our May 27 entry. Respondents claim that this inadvertent administrative delay constitutes excusable neglect.

We disagree. Counsel for Perry and the commission do not dispute that the Attorney General was served notice of the May 27 entry. Respondents, therefore, had constructive knowledge of the entry, which is all Civ.R. 58 requires. See *Americare Corp. v. Misenko* (1984), 10 Ohio St.3d 132, 134, 10 OBR 454, 456, 461 N.E.2d 1304, 1307 (" * * * [N]o provision in Ohio law or

rule of civil or appellate procedure requires that a party be given actual notice of the filing of a judgment entry."), and *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625 (writ of mandamus granted by default judgment when motion to dismiss overruled and no answer filed).

Moreover, in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, we held that the failure to timely answer is neglect and should be imputed to the client. Accord *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 78, 514 N.E.2d 1122, 1125. *GTE* describes attorney neglect as conduct that " 'falls substantially below what is reasonable under the circumstances.' " *Id.*, 47 Ohio St.2d at 152, 1 O.O.3d at 89, 351 N.E.2d at 117; see, also, *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 68, 18 OBR 96, 100, 479 N.E.2d 879, 884. Here, no evidence suggests that an answer deadline may be reasonably overlooked due to case reassignment.

Perry and the commission cite *Evans v. Chapman* (1986), 28 Ohio St.3d 132, 28 OBR 228, 502 N.E.2d 1012, which held that a court does not abuse its discretion by finding clerical error a justifiable excuse for the failure to timely answer. *Evans* reached this result, however, because a motion for leave to answer had been filed before the motion for default. *Id.* at 135, 28 OBR at 231, 502 N.E.2d at 1016; *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 272, 533 N.E.2d 325, 332. Thus, *Evans* must be distinguished from this case, where the motion for default came first.

Respondents missed the answer date set forth in Civ.R. 12(A)(2)(a) because no one checked for developments in Weiss' case against them. Moreover, their request for leave to answer was filed in response to Weiss' motion for default; it was not the result of diligence of their counsel. We do not consider administrative confusion an acceptable excuse for such neglect. The request for leave to answer, therefore, is overruled.

## Default Judgment

Under Civ.R. 55(D), a default judgment may be entered against the state only if "the claimant establishes his claim or right to relief by evidence satisfactory to the court." For a writ of mandamus to issue, Weiss must establish that she is entitled to respondents' performance of a clear legal duty and that she has no adequate remedy in the ordinary course of law. *State ex rel. The Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 102, 564 N.E.2d 486, 491. Weiss asserts that she has satisfied both standards. We, however, find that an adequate remedy exists.

Initially, Weiss appealed her removal from the classified service, the reduction of her duties, and her termination to SPBR. SPBR did not consolidate these appeals, even though they were filed within one month of each other and challenged job actions taken during the same period. Instead, the ALJ singled out one appeal—Weiss' removal from the classified service—and dismissed it because the appeal did not also allege "an adverse personnel action such as a removal or reduction." In effect, the ALJ determined that SPBR lacked jurisdiction because Weiss filed separate appeals. SPBR, however, adopted the ALJ's recommendation, and Weiss appealed to the common pleas court, presumably pursuant to R.C. 119.12 (appeal by party adversely affected by state agency order to Franklin County Common Pleas Court).

Against this backdrop, Weiss argues her lack of an adequate remedy. Apparently, she has decided to concede that SPBR has no jurisdiction over her appeal, without completing the appeal process she has begun. Her decision, however, does not make this process unavailable or inadequate. Indeed, we have reviewed at least three appeals from SPBR decisions in which jurisdiction was challenged on the ground that employees were not classified. See *Rarick v. Geauga Cty. Bd. of Commrs.* (1980), 63 Ohio St.2d 34, 17 O.O.3d 21, 406 N.E.2d 1101; *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355; *In re Termination of Employment of Moore* (1974), 40 Ohio St.2d 107, 69 O.O.2d 512, 321 N.E.2d 603.

*Rarick*, in particular, establishes that Weiss' remedy is by way of appeal. There, the court of appeals affirmed SPBR's order reinstating a county building superintendent and his assistant, both of whom had been removed from the classified service, and then terminated six months later. We reversed, holding that these employees were in an administrative and fiduciary relationship with the board of commissioners and, thus, that they were "unclassified" pursuant to R.C. 124.11(A)(9). Responding to the argument that SPBR lacked jurisdiction because the employees had been designated as "unclassified," we said:

" 'The State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, regardless of how they have been designated by their appointing authorities.' " *Rarick, supra*, 63 Ohio St.2d at 36, 17 O.O.3d at 22, 406 N.E.2d at 1103, quoting *Yarosh, supra*, at paragraph two of the syllabus.

Weiss maintains that *Rarick* is not controlling here because the employees in that case did not question, as she does, the authority for and constitutionality of their removal from the classified service. She apparently interprets *Rarick* to mean that these issues cannot be decided in a civil service appeal.

The passage she quotes, however, suggests instead that the *Rarick* court would have considered these arguments had they been raised:

"[The employees] have not claimed that the procedure by which their positions were designated, after many years of service, to be in the unclassified service was in any way contrary to the civil service statutes or to the Due Process Clause. Neither have they claimed the terminations to be unconstitutional. * * * [Citation omitted.] As a consequence, the sole issue before this court is whether the duties assigned and performed by the Raricks for the commissioners who terminated their employment placed them within R.C. 124.11(A)(9)." *Rarick, supra,* at 36, 17 O.O.3d at 22, 406 N.E.2d at 1103, fn. 1.

To justify her decision not to pursue further appeal, Weiss argues that R.C. 124.03 does not confer jurisdiction for SPBR to consider removals from the classified service. R.C. 124.03 provides, in part:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify his position pursuant to a job audit under division (E) of section 124.14 of the Revised Code."

When isolated from the alleged reductions of her duties and discharge, Weiss' removal from the classified service is not expressly covered by R.C. 124.03. However, this does not remove SPBR's jurisdiction to consider that issue along with the other adverse job actions purportedly taken against her. *Rarick, supra;* see, also, Ohio Adm.Code 123–1–01, which acknowledges SPBR's authority to consider exemptions from the classified service made pursuant to R.C. 124.11.

Moreover, *State ex rel. Miller v. Witter* (1926), 114 Ohio St. 122, 150 N.E. 431, *Toledo v. Osborn* (1926), 23 Ohio App. 62, 155 N.E. 250, and *State ex rel. Click v. Thormyer* (1958), 105 Ohio App. 479, 6 O.O.2d 220, 151 N.E.2d 246, which Weiss cites to show that mandamus is the means by which a public employee may recover a classified position, are distinguishable. The courts in those early cases reviewed the validity of or discussed job abolishments, and job abolishments, as compared to removals for disciplinary reasons, were not then appealable under the civil service laws. *Miller,* 114 Ohio St. at 124, 150 N.E. at 432; *Toledo,* 23 Ohio App. at 65, 155 N.E. at 251; *Click,* 105 Ohio App.

at 485, 6 O.O.2d at 223, 151 N.E.2d at 249–250.  Job abolishments are now within SPBR's jurisdiction.  See *Bispeck v. Trumbull Cty. Bd. of Commrs.* (1988), 37 Ohio St.3d 26, 523 N.E.2d 502;  and *Weston v. Ferguson* (1983), 8 Ohio St.3d 52, 8 OBR 523, 457 N.E.2d 818.  Thus, mandamus is no longer available to contest these job actions.

Weiss also implies that appeal of SPBR's decision is an inadequate remedy because SPBR can only reinstate her;  it cannot order back pay.  She cites *Bowling Green State Univ. v. Williamson* (1988), 39 Ohio St.3d 141, 529 N.E.2d 1371, to establish, in effect, that classified employees may choose between an SPBR appeal and a mandamus action to rectify adverse employment actions.

Back pay may not be available in SPBR appeals because SPBR has jurisdiction only to affirm, disaffirm, or modify decisions of appointing authorities.  R.C. 124.03 and 124.34.  However, the lack of authority to award back pay and *Bowling Green, supra,* do not warrant the conclusion that SPBR procedures are inadequate and may be bypassed.

In *Bowling Green,* a classified employee filed in common pleas court for a writ of mandamus to compel her promotion and award of back pay.  The employer filed in this court for a writ to prohibit the common pleas court from proceeding, arguing that the lower court lacked jurisdiction in mandamus because the employee's remedy was before SPBR.  We held that the common pleas court was not so completely without jurisdiction that a writ of prohibition should issue despite the employee's right to appeal the common pleas court's decision.

*Bowling Green* recognized the common pleas court's authority to determine, right or wrong, its own jurisdiction.  Being based entirely on jurisdiction, *Bowling Green* did not address the merits of the underlying mandamus action, which included the availability and adequacy of an adequate remedy. *Id.* at 142, 529 N.E.2d at 1373.  Thus, contrary to Weiss' argument, *Bowling Green* does not approve of mandamus as an alternative to an SPBR appeal.

Moreover, before a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must first be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was "wrongfully excluded from employment."  *State ex rel. Colangelo v. McFaul* (1980), 62 Ohio St.2d 200, 16 O.O.3d 239, 404 N.E.2d 745 (SPBR);  *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462 (SPBR);  *State ex rel. Bush v. Spurlock* (1992), 63 Ohio St.3d 453, 588 N.E.2d 840 (commission);  *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 21 O.O.3d 228, 423 N.E.2d 1099 (commission);  *State ex rel. Martin v. Columbus* (1979), 58 Ohio St.2d

261, 12 O.O.3d 268, 389 N.E.2d 1123, paragraph one of the syllabus (commission); *State ex rel. Borsuk v. Cleveland* (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419, paragraph two of the syllabus (commission); and *State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547 (grievance arbitrator). Until this determination is made, a "wrongful exclu[sion]" has not occurred, and mandamus does not lie. *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 179, 11 OBR 491, 492, 464 N.E.2d 556, 559. Accord *Colangelo, supra.* Cf. *State ex rel. Fenton v. Dept. of Human Serv.* (1992), 63 Ohio St.3d 481, 589 N.E.2d 11 (wrongfulness of exclusion from employment may be determined in mandamus action after appeal from civil service commission results in final order that commission lacked jurisdiction). Thus, mandamus is not available as a substitute for civil service appeals.

Based on the foregoing, we hold that Weiss has an adequate remedy in the ordinary course of law by way of appeal. Therefore, she is not entitled to a writ of mandamus, and the motion for default judgment is overruled. As our finding defeats Weiss' claim for relief, the writ of mandamus is also denied.

*Motions overruled.*
*Writ denied.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I do not agree with the majority that relator has an adequate remedy at law in this case. In my view, relator has no such remedy available to her. The only part of the majority opinion I am in agreement with is that respondents' request for leave to answer should be overruled. Therefore, if relator can satisfy the dictates of Civ.R. 55(D) in establishing her right to relief, the writ should be granted. Relator has sufficiently demonstrated a right to respondents' performance of a clear legal duty. Therefore, I dissent.

This case comes to us in a curious posture. Although relator filed four separate appeals with the State Personnel Board of Review ("SPBR"), only the first involving her removal from the classified service was singled out and considered. That appeal was dismissed because SPBR determined it lacked jurisdiction. Relator's other appeals filed with SPBR, including the one challenging her termination from employment, were never considered. Relator then appealed to the common pleas court SPBR's decision to dismiss the challenge to her removal from the classified service, and consideration of her other appeals was stayed. Thereafter, relator conceded that SPBR did not have jurisdiction over the first appeal and filed this mandamus action. As this case comes to us, the only issue is whether relator's removal from the

classified service was proper. The majority's failure to appreciate the narrowness of the issue before us leads it to the erroneous conclusion that an adequate remedy at law exists. An adequate legal remedy does not exist for the reasons which follow. In sum, because relator has established a right to the relief requested, I would grant the writ.

## I

I agree with relator that R.C. 124.03 does not confer jurisdiction for SPBR to rule on the propriety of a removal from the classified service when that is the sole issue before it. While SPBR has statutory jurisdiction to consider such appeals as job abolishments, discharges, etc., the majority acknowledges that "[w]hen isolated from the alleged reductions of her duties and discharge, Weiss' removal from the classified service is not expressly covered by R.C. 124.03." Nevertheless, the majority somehow proceeds to find that SPBR has jurisdiction to consider the issue of Weiss' removal from the classified service. The majority correctly states the applicable law, but then misses the point. As this case comes to us, the only issue is Weiss' removal from the classified service. While relator may possess an SPBR remedy in her other appeals, which concern matters such as the reduction of her duties and her discharge, SPBR did not consider those appeals and they are not before us now. SPBR has jurisdiction only over the appeals specifically provided for in the statute. Weiss' appeal of her removal from the classified service, standing alone, simply is not such an appeal.

The majority's discussion of *Rarick v. Geauga Cty. Bd. of Commrs.* (1980), 63 Ohio St.2d 34, 17 O.O.3d 21, 406 N.E.2d 1101, does not support its conclusion; instead it actually points to an opposite result. Contrary to the majority's assertions, *Rarick* does not establish that Weiss has an adequate remedy at law by way of appeal. In *Rarick*, a termination of employment was properly presented for this court's consideration. No such termination is at issue here. The statement from Rarick that SPBR has jurisdiction over appeals from "removals" is not relevant to this case. The *Rarick* quote actually refers to the *discharge* of an employee, not to a removal from the classified service. R.C. 124.03 explicitly gives SPBR jurisdiction to hear appeals concerning discharge from employment; it does not give SPBR jurisdiction to hear appeals concerning removal from the classified service when unaccompanied by any other job action. SPBR has jurisdiction only to consider a removal from the classified service in the context of one or more of the statutorily provided-for appeals. Weiss' discharge is not before us nor was it before SPBR as it considered only Weiss' first appeal.

It is clear that Weiss' removal from the classified service, in the posture of this case, was not appealable to SPBR pursuant to R.C. 124.03. Thus, Weiss has no adequate legal remedy available when she contests her removal from the classified service; her only remedy is mandamus. Three of the cases cited by the majority: *State ex rel. Miller v. Witter* (1926), 114 Ohio St. 122, 150 N.E. 431, *Toledo v. Osborn* (1926), 23 Ohio App. 62, 155 N.E. 250, and *State ex rel. Click v. Thormyer* (1958), 105 Ohio App. 479, 6 O.O.2d 220, 151 N.E.2d 246, stand for the proposition that mandamus is the means by which a public employee may recover a classified position when the job action the employee is challenging is not appealable under the civil service laws. See, also, *State ex rel. Moyer v. Baldwin* (1908), 77 Ohio St. 532, 83 N.E. 907; *Hornberger v. State ex rel. Fischer* (1917), 95 Ohio St. 148, 116 N.E. 28; *State ex rel. Brittain v. Bd. of Agriculture of Ohio* (1917), 95 Ohio St. 276, 116 N.E. 459; *Curtis v. State ex rel. Morgan* (1923), 108 Ohio St. 292, 140 N.E. 522; *State ex rel. Bay v. Witter* (1924), 110 Ohio St. 216, 143 N.E. 556. The majority's statement that mandamus is not available to Weiss because "[j]ob abolishments are * * * within SPBR's jurisdiction" indicates that the majority fails to recognize the limited nature of the case before us. No job abolishment is implicated in the narrow circumstances of this case. Removals from the classified service, when not considered in the context of another job action, are *not* within SPBR's jurisdiction. The majority is mistaken when it finds that Weiss has an adequate legal remedy by way of appeal, and in denying the writ for that reason.

## II

Because Weiss has no adequate remedy at law, if she can show a clear right to relief and the corresponding duty of respondents to act, she is entitled to the issuance of a writ of mandamus. For the following reasons, I would find that she has made the requisite showing.

Weiss argues that the literal wording of R.C. 124.11(A)(9), relied upon by respondents when her status was changed from classified to unclassified, does not support her removal from the classified service. If Weiss is correct in her interpretation of the statutory language, no other section of R.C. Chapter 124 would support her placement in the unclassified service. From that it follows that if Weiss' position is not in the unclassified service it must be in the classified service. See R.C. 124.11(B).

R.C. 124.11(A)(9) provides, in pertinent part:

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

" * * *

"(9) The deputies and assistants of elective or *principal executive officers* authorized to act for and in the place of their principals, or holding a fiduciary relation to such principals * * *." (Emphasis added.)

Weiss contends that the term "principal executive officers" cannot apply to respondent Industrial Commission or to its chairman. Black's Law Dictionary (6 Ed.1990) 1192, defines "principal" in this sense as "[h]ighest in rank, authority, character, importance, or degree." The commission's chairman is not a principal pursuant to this statute because the commission exercises its power by majority vote. See R.C. 4121.03(A). Although the commission chairman may have more duties than other commission members, the chairman is not superior to the other members. The chairman is not a "principal" executive officer under R.C. 124.11(A)(9). For similar reasons, the commission itself cannot be a "principal" executive officer; the commission is not a "principal" in the statutory sense of R.C. 124.11(A)(9). In addition, when the General Assembly wished to provide exemptions from the classified service for assistants to governmental bodies such as state commissions and boards, the applicable statute explicitly mentions the governmental body. See R.C. 124.11(A)(8) ("principal appointive executive officers, boards, or *commissions*" [emphasis added] ).

I agree with Weiss that no statutory authority exists to place her in the unclassified service. Therefore, she is a classified employee. As such, she is entitled to due process protections associated with that status. See *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. I would grant the writ of mandamus and find that Weiss is a member of the classified service. As the holder of a position in the classified service, Weiss may be discharged from employment only pursuant to R.C. 124.34.

Sweeney and Douglas, JJ., concur in the foregoing dissenting opinion.