BURIGANA, Appellee,

v.

INDUSTRIAL COMMISSION OF OHIO, Appellant.

[Cite as *Burigana v. Indus. Comm.* (1996), 108 Ohio App.3d 574.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE08–1048.

Decided Jan. 23, 1996.

*Blaugrund, Sweeney, Gable, Herbert & Mesirow* and *Marc E. Myers,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Jack Decker,* Assistant Attorney General, for appellant.

_____

TYACK, Judge.

Steven E. Burigana went to work for the Industrial Commission of Ohio ("commission") on February 25, 1991. He was soon promoted to the position of adjudication secretary. He held that responsibility until February 1994, when the former commission of five individuals was replaced by a new commission of three individuals. The new commission fired Burigana. No allegation is made that the firing was for just cause.

Burigana appealed to the State Personnel Board of Review ("SPBR"), which dismissed the appeal based upon its finding that Burigana served in the unclassified civil service. That finding was based upon a finding of an administrative law judge that Burigana had held a fiduciary relationship with the commission's "principal executive officer" for purposes of R.C. 124.11(A)(9).

R.C. 124.11(A) reads:

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

" * * *

"(9) The deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals, or holding a fiduciary relation to such principals and those persons employed by and directly responsible to elected county officials and holding a fiduciary or administrative relationship to such elected county officials, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination, provided that division (A)(9) of this section shall not affect those persons in county employment in the classified service as of September 19, 1961. Nothing in division (A)(9) of this section applies to any position in a county department of human services created pursuant to sections 329.01 to 329.01 of the Revised Code."

Burigana pursued an administrative appeal from the SPBR's dismissal of his original appeal. The Court of Common Pleas for Franklin County reversed, finding that the commission had no principal executive officer.

The commission has now appealed to this court, assigning a single error for our consideration:

"The court of common pleas erred in finding that as a matter of law, the Industrial Commission of Ohio had no principal executive officer(s)."

In reaching its decision, the trial court was heavily affected by the dissent of three justices of the Supreme Court of Ohio in *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37. Justice Alice Robie Resnick authored the dissent, in which she noted:

"Weiss contends that the term 'principal executive officers' cannot apply to respondent Industrial Commission or to its chairman. Black's Law Dictionary (6 Ed.1990) 1192, defines 'principal' in this sense as '[h]ighest in rank, authority, character, importance, or degree.' The commission's chairman is not a principal pursuant to this statute because the commission exercises its power by majority vote. See R.C. 4121.03(A). Although the commission chairman may have more duties than other commission members, the chairman is not superior to the other members. The chairman is not a 'principal' executive officer under R.C. 124.11(A)(9). For similar reasons, the commission itself cannot be a 'principal' executive officer; the commission is not a 'principal' in the statutory sense of R.C. 124.11(A)(9). In addition, when the General Assembly wished to provide exemptions from the classified service for assistants to governmental bodies such as state commissions and boards, the applicable statute explicitly mentions the governmental body. See R.C. 124.11(A)(8) ('principal appointive executive officers, boards, or *commissions*' [emphasis added] ).

"I agree with Weiss that no statutory authority exists to place her in the unclassified service. Therefore, she is. a classified employee. As such, she is entitled to due process protections associated with that status. * * *" *Weiss, supra,* 65 Ohio St.3d at 480, 605 N.E.2d at 44 (Resnick, J., dissenting).

The majority in the *Weiss* case denied a writ of mandamus for Weiss based upon a finding that she had an adequate remedy at law. The four members of the majority neither agreed nor disagreed with the dissent's observations set forth above.

At the hearing before the administrative law judge of the SPBR, only Donald Colasurd, the former chairman of the commission, testified. Colasurd indicated that he had joined the commission in 1991 at the request of the newly elected Governor of Ohio, George Voinovich. Colasurd was elected the chairman of the commission by all the commission members.

Colasurd was made a member of the new Governor's cabinet and was expected to make weekly reports to the Governor about the status of the workers' compensation system. Colasurd felt that when he first joined the commission, he had the ability to hire and fire a limited number of employees of the commission. Later in his term, he did not exercise such power, which arguably is inconsistent with pertinent provisions of the Ohio Revised Code.

Colasurd testified that he did not perform duties which other commission members did not perform. The one responsibility he claimed to have which was not shared by other members of the commission was the responsibility to approve or disapprove out-of-state travel. Also, Colasurd's signature was the signature stamped on personnel matters by other staff at the commission.

As to Burigana, Colasurd testified:

" * * * But if you're talking about, for instance, Mr. Burigana's area, I had nothing to do with his people * * *."

On cross-examination, Colasurd acknowledged that, with the exception of out-of-state travel, all the authority to make decisions is vested with the commission as a whole, with a vote of the majority of the commission making the actual decision.

On redirect examination, Colasurd testified that he had hired Burigana originally without taking a vote of the commission, but further testified that the reorganization which made Burigana the adjudication secretary was a matter upon which the commission as a whole voted.

We are bound to uphold the legal reality established by the Ohio Revised Code, not practical reality which, at times, apparently placed additional power in the hands of the former chairman of the commission. At the pertinent times, all orders of the commission were required by law to be the result of a majority vote of that commission. See former R.C. 4121.03(A).

Under these circumstances, the finding of the trial court was correct. The commission had no principal executive officers. It had and was a commission. Therefore, no individual was in a fiduciary relationship with "principal executive officers" for purposes of R.C. 124.11.

As a result, Burigana was entitled to a hearing before the SPBR to determine if some cause for his firing existed.

We overrule the sole assignment of error and affirm the judgment of the trial court. As a result, the cause will be remanded to the SPBR with instructions to vacate its dismissal of Burigana's appeal and to conduct appropriate proceedings on his appeal.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.