OPINION
Defendant-appellant, Michael J. Hancock, appeals the decision of the Clermont County Court of Common Pleas denying his motion for leave to file an answer out of time. Appellant sought to answer a foreclosure complaint filed by plaintiff-appellee, Banc One Financial Services, Inc. ("Banc One"). We affirm the decision of the trial court.
On July 29, 1997, Banc One filed a complaint for foreclosure and marshalling of liens against appellant. On July 29, 1997, service was attempted by certified mail, but was unsuccessful because the forwarding time expired for appellant's previous address. Therefore, appellant was served at his new address by ordinary mail on October 28, 1997. Appellant failed to file a timely answer and on December 16, 1997, Banc One moved for a default judgment against appellant.
On January 12, 1998, a hearing was scheduled on Banc One's motion for default judgment.[1] On January 23, 1998, appellant, acting pro se, filed a motion for leave to file an answer out of time. The entire brief in support of the motion is as follows:
 When I offered to catch up on the payments with Bank one, they offered to work with me, then later refused and claimed the entire amount was due. When I received service of the suit, I immediately forwarded it to my attorney, John Issenmann, to file an answer. I spoke with Mr. Issenmann about making arrangements with the bank to pay the loan current and have the foreclosure action dropped. He told me that he did not see any problem with that, and was sure that the bank would work with me and he would contact them to make the arrangements. I fired Mr. Issenmann when I found it that he did not show up in court for hearings on other matter he was representing me in. I called the Clerk of Courts and found that there was a hearing scheduled on January 15. I was not aware of this hearing until that time. I hired Tobin Griffeth just two days before the hearing to represent me in court last week. It wasn't until after Mr. Griffeth went to the hearing that I found that no answer to the original complaint had ever been filed.
On January 30, 1998, a hearing was held on appellant's motion. At the hearing, appellant gave the same explanation as the January 23 motion and brief in support. The trial court denied the motion for leave to answer out of time and granted a default judgment in Banc One's favor. From this decision, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PRO SE LITIGANT LEAVE TO FILE AN ANSWER OUT OF TIME AND ENTERING A DEFAULT JUDGMENT AGAINST THE PRO SE LITIGANT.
Appellant's argument is that the trial court erred in denying appellant's motion for leave to answer out of time because he had a good faith belief that his prior counsel had filed a timely answer and this constitutes "excusable neglect" under Civ.R. 6(B)(2). Further, appellant claims that the trial court mistakenly applied the more stringent "excusable neglect" standard of Civ.R. 60(B). See State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 466
("Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6[B][2] is less stringent than that applied under Civ.R. 60[B].") (Citations omitted). Finally, appellant claims that the trial court acted arbitrarily because other parties were allowed to intervene in the case.
The trial court is granted broad discretion in ruling on a motion for leave to answer out of time and the trial court's decision can only be reversed on appeal for an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209, 213-14. Abuse of discretion "connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Lindenschmidt at 465. Keeping this standard in mind, we consider appellant's assignment of error.
Civ.R. 6(B)(2) states that "[w]hen by these rules or a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Appellant argues that the excusable neglect is his good faith belief that his attorney had filed a timely answer.
The trial court was within its discretion to conclude that attorney nonfeasance does not meet the "excusable neglect" standard of Civ.R. 6(B)(2). State ex rel. Weiss v. Indus. Comm. (1992), 65 Ohio St.3d 470, 473. See, also, Crawford v. Crawford (Apr. 20, 1998), Warren App. Nos. CA97-09-099, CA97-10-105, unreported, at 6-9. (The trial court was within its discretion to conclude that attorney error did not justify allowing a party to file an untimely counterclaim pursuant to Civ.R. 13[F]); McCann v. McCann (June 28, 1984), Franklin App. No. 83AP-1076, unreported, at 12-13. ("Plaintiff has demonstrated no cause requiring the trial court to permit a late filing * * * pursuant to Civ.R. 6[B], the only suggestion for failure to make the request timely being neglect by former counsel for plaintiff.") The failure of an attorney to file a timely answer "should be imputed to the client." Weiss at 473.
Appellant claims that the trial court erroneously applied the "excusable neglect" standard of Civ.R. 60(B), which provides for a party to seek relief from judgment. Specifically, he notes that the trial court asked appellant at the January 30 hearing if he had a defense to the foreclosure complaint, an element under the Supreme Court of Ohio's interpretation of Civ.R. 60(B). See GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of syllabus.
The trial court never stated Civ.R. 60(B) was being applied to the case sub judice and we generally presume regularity in trial court proceedings. Moreover, as stated, the trial court was within its discretion to conclude appellant's explanation failed to meet the less stringent "excusable neglect" standard of Civ.R. 6(B)(2). Cf. City of Columbus v. Kahrl (Mar. 12, 1996), Franklin App. No. 95APG09-1204, unreported, at 10-11. Accordingly, even assuming the court applied the more stringent Civ.R. 60(B) GTE standard, we perceive no unfair prejudice to appellant.
Finally, appellant claims that the trial court abused its discretion by allowing other parties to answer out of time. The record does not provide any explanation why certain other parties were allowed to intervene in this case. Therefore, this court has no basis in the record to conclude the trial court arbitrarily or unreasonably denied appellant's motion. Thus, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] There is no transcript of the January 12, 1998 hearing in the record and, therefore, we are not considering Banc One's argument that the trial court, at that hearing, gave appellant only one week to file his motion for leave to answer out of time.