DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a denial of a motion for relief from judgment in a small claims case.
When appellee, Vernon W. Liddell, Sr., had trouble with a car he bought from appellant, George Dolias, he sued in the Toledo Municipal Court, Small Claims Division, to recover his cost of repairs. The matter was set for a trial before a magistrate at 1:30 p.m, on February 7, 2001. When appellant did not appear at the appointed time, the magistrate granted appellee a default judgment.
Appellant filed objections to the magistrate's report which were later overruled by the trial court. Appellant then timely filed a motion for relief from judgment, pursuant to Civ.R. 60(B), asserting that he had a meritorious defense and that his failure to timely appear for trial was the result of an inability to find a parking place. According to appellant, this delayed him fifteen minutes. When he appeared, the magistrate refused to reschedule the matter. The trial court denied appellant's Civ.R. 60(B) motion and this appeal followed.
Appellant asserts: 1) the decision to grant a default judgment was erroneous, 2) damages should not have been assessed without his presence at the hearing, and 3) the trial court abused its discretion in refusing to vacate the default judgment.
Because it is dispositive, we shall consider appellant's Civ.R. 60(B) argument first.
To prevail in a motion for relief from judgment, a party must demonstrate that he or she 1) has a meritorious defense to present, 2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and 3) has timely brought the motion. GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. When timely relief is sought and the movant has a meritorious defense, "* * * doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at paragraph three of the syllabus.
Civ.R. 60(B)(1) provides that a party may obtain relief from judgment if the ruling is the result of, "* * * mistake, inadvertence, surprise or excusable neglect[.]" However, the decision to set aside a default judgment rests in the sound discretion of the court and will be upheld absent an abuse of discretion. Davis v. Immediate Med. Sev. (1997),80 Ohio St.3d 10, 14. The term "abuse of discretion" implies that the court's discretion is arbitrary, unreasonable or unconscionable. Berkv. Matthews (1990), 53 Ohio St.3d 161, 168-169.
In determining whether neglect is excusable, all the surrounding facts and circumstances must be considered. Davis citing Griffey v. Rajain
(1987), 33 Ohio St.3d 75, syllabus. To be inexcusable neglect, the conduct must be such that it "* * * falls substantially below what is reasonable under the circumstances," GTE at 152, see, also, State exrel. Weiss v. Industrial Commission (1992), 65 Ohio St.3d 470, 473, and "* * * exhibit[s] a disregard for the judicial system and the rights of the plaintiff." Griffey at syllabus.
Appellant insists that his contract with appellee conveyed the automobile "as is." Thus, he articulates a meritorious defense should there be a trial. It is undisputed that his Civ.R. 60(B) motion was timely.
Although appellee disputes appellant's assertion that he was only fifteen minutes late for the trial, appellant's objections to the magistrate's report were file-stamped February 7, 2001, at 2:15 p.m. — forty-five minutes after the case was called. This would indicate that appellant was in the courthouse, had already been advised of the ruling against him, and had responded in writing to the ruling, all within that relatively short period of time.
Appellant was late for trial because of a problem with parking. A delay of approximately fifteen minute in an urban traffic environment certainly neither exhibits disregard for the judicial system, nor is it substantially below reasonableness under the circumstances. Consequently, in our view, to punish such inadvertent tardiness by denying a party any opportunity to defend himself is unreasonable. Accordingly, appellant's third assignment of error is well-taken.
Since we have determined that the trial court should have granted appellant's motion for relief from judgment, his first and second assignments of error are moot.
Upon consideration whereof, the judgment of the Toledo Municipal Court, Small Claims Division, is reversed. This matter is remanded to said court for a trial on the merits. Costs to appellee.
James R. Sherck, J., Mark L. Pietrykowski, P.J., CONCUR.