[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Monogram Properties, Inc., the developer of a residential subdivision, appeals from the default judgment entered against it for failing to timely answer the amended complaint of plaintiff-appellee, DRHI, Inc., and the complaint of the intervening plaintiffs Miguel Alemany, Raquel Alemany, and Gregory A. Swartz and Sandra L. Swartz, co-trustees under the Sandra L. Swartz Living Trust. Monogram also appeals from the trial court's award of $76,464.33 in damages for breaching its contracts to properly install sewer lines in the subdivision.
 {¶ 3} In its first assignment of error, Monogram contends that the trial court abused its discretion in entering default judgment and denying its motion to file it answers out of time. While "courts must be mindful of the admonition that cases should be decided on their merits, where possible," Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271, 533 N.E.2d 325, default judgment may be awarded when a defendant fails to make a timely appearance by filing an answer or otherwise defending an action. See Civ.R. 55(A).
 {¶ 4} Civ.R. 6(B)(2) permits a defendant to seek leave to file a late pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." When determining whether neglect in failing to file a timely answer is excusable or inexcusable, the trial court must consider all of the surrounding facts and circumstances. See Civ.R. 60(B); see, also,Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus. Neglect has been described as conduct that falls substantially below what is reasonable under the circumstances. See State ex rel. Weiss v. Indus.Comm. (1992), 65 Ohio St.3d 470, 473, 605 N.E.2d 37, citing GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 152,351 N.E.2d 113. To prevail, a defendant must make some affirmative showing of excusable neglect before obtaining an extension of time to answer the complaint. See Givaudan Roure Flavors Corp. v. X-TreemProducts Corp. (June 29, 2001), 1st Dist. No. C-000651. The trial court's ruling on this motion will be upheld absent an abuse of discretion. SeeDavis v. Immediate Med. Services, Inc., 80 Ohio St.3d 10, 14,1997-Ohio-363, 684 N.E.2d 292.
 {¶ 5} Here, Monogram did not file an answer to DRHI's amended complaint nor to the intervening plaintiffs complaint until December 26, 2001. The answers were filed without previously moving for leave of the trial court and were filed thirty-one and sixty-seven days out of time. The September 2001 agreed entry granting the motion to intervene, signed by counsel for Monogram, stated that Monogram "shall have 14 days to respond" after being served the intervening complaint. It was served on or about September 6, 2001. In response to the intervening complaint, DRHI was granted leave to amend its complaint to incorporate a reply to the intervenors' cross-claim and to join defendant Sayre Perry as a party. DRHI served Monogram with the amended complaint on October 18, 2001. Although Monogram had answered DRHI's initial complaint, before the intervention and joinder of other potential claimants, it did not respond to the amended complaint.
 {¶ 6} Moreover, Monogram failed to respond to DRHI's discovery requests for answers to interrogatories and for the production of documents. Following a hearing, on December 13, 2001, the trial court granted DRHI's motion to compel discovery and ordered Monogram to produce all the documents and "[I]f [it] fails to produce documents * * *, it will pay to Plaintiff DRHI $100 per day thereafter, and the Court will consider further sanctions against Monogram, including but not limited to judgment in favor of DRHI, Inc on its claims against Monogram."
 {¶ 7} Receiving no response, the intervenors and DRHI finally moved for default judgment based upon Monogram's failure to answer within the time allotted by the agreed entry or within the twenty-eight-day period provided by Civ.R. 12(A). On December 26, 2001, Monogram responded to the default judgment motion by moving for leave to file answers "out of time nunc pro tunc." Monogram also filed the answers on that day without leave from the court. Monogram gave no reason for failing to answer in its one-paragraph memorandum of law in support of its motions. Following a hearing, on February 8, 2002, the trial court granted the motions for default. Monogram, claiming a calendaring error and a busy trial schedule, moved the trial court to reconsider it decision. SeeFifth Third Bank v. Cooker Restaurant Corp. (2000), 137 Ohio App.3d 329,333, 738 N.E.2d 817 (the Civil Rules do not provide for motions for reconsideration). The trial court rejected this motion.
 {¶ 8} Here, the trial court exhibited a sound reasoning process in entering default judgment. See AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 601. Neglect in failing to answer is inexcusable where the party or the attorney could have controlled or guarded against the failure because of a busy schedule. See Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 536, 706 N.E.2d 825. This court has not excused a failure to answer where, as here, a defendant was well aware that a complaint, intervening complaint, and an amended complaint had been filed, and that it was under order from the trial court to comply with discovery requests. See, e.g., Shears v. H.V.C., Inc. (June 30, 2000), 1st Dist. No. C-990734. Monogram's conduct reveals a disregard for the judicial system and for the rights of the plaintiffs and does not constitute the type of excusable neglect contemplated by Civ.R. 6(B)(2) and 60(B). See GTE Automatic Elec., Inc. v. ARC Industries, Inc.,47 Ohio St.2d at 153, 351 N.E.2d 113. The first assignment of error is overruled.
 {¶ 9} Monogram next contends that the trial court erred in assessing damages against it where there were inconsistent allegations of "proximate cause" alleged in the complaints, and where the plaintiffs failed to show that the remediation performed was necessary or that the costs were reasonable. First, the allegations of the complaint and the intervening complaint are that Monogram breached contracts with the plaintiffs and the claims did not sound in tort. The entry granting default judgment conclusively established these allegations. All that remained was for the trial court was to determine the damages incurred by the plaintiffs.
 {¶ 10} Civ.R. 55(A) provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." Here, the court conducted a hearing in May 2002, almost four months after the entry of default judgment, at which four witnesses testified as to the nature and the extent of the damages sustained by the plaintiffs. The witnesses were cross-examined by Monogram. Monogram presented no witnesses. The trial court did not err in weighing the evidence presented and assessing liquidated damages in accordance with the evidence and the terms of the contracts. See Coleman v. Gerdsen (Dec. 14, 1994), 1st Dist. No. C-930821; see, also, State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The second assignment of error is overruled.
 {¶ 11} Therefore, the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.