OPINION
{¶ 1} This is an appeal by defendant-appellant, Parneet S. Sohi, from a judgment of the Franklin County Municipal Court, denying appellant's motion for leave to file an answer and counterclaim, and granting default judgment in favor of plaintiff-appellee, R.J. Donovan Co., LPA, on appellee's claim for unpaid attorney fees.
 {¶ 2} On August 22, 2005, appellee filed a complaint on an account, alleging that appellant owed the balance of $4,668.81 for legal services rendered. Attached to appellee's complaint were copies of invoices and statements. *Page 2 
 {¶ 3} On October 13, 2005, appellant filed a motion to quash summons for lack of jurisdiction. In an accompanying affidavit, appellant averred he was a resident of Hamilton County, and that he had not, at any time, conducted business in Franklin County, Ohio. Appellee filed a memorandum contra appellant's motion to quash, arguing that the complaint alleged facts occurring in Franklin County.
 {¶ 4} By journal entry filed October 26, 2005, the trial court made a determination that appellant's filing constituted a motion to dismiss for lack of jurisdiction. By entry filed November 17, 2005, the trial court denied appellant's motion to quash, and set the matter for pretrial December 23, 2005. The matter was subsequently rescheduled for pretrial February 24, 2006.
 {¶ 5} On January 31, 2006, appellee filed a motion for default judgment, pursuant to Civ.R. 55(A), asserting in the accompanying memorandum that appellant had failed to file a responsive pleading. Appellee also contended that the court's general docket sheet showed no entry of counsel on behalf of appellant, despite the fact that an individual representing himself to be an attorney from Cincinnati had phoned counsel for appellee and requested a continuance of the initial pretrial date of December 23, 2005.
 {¶ 6} On February 14, 2006, appellant filed a "motion contra" appellee's motion for default judgment. In the motion, appellant asserted he had filed an answer and counterclaim, and that the counterclaim "exceeds the monetary limits of the Municipal Court, and can not be decided by the Municipal Court." Also on February 14, 2006, appellant filed a motion for leave to file an amended answer and counterclaim. Appellee subsequently filed a motion to strike appellant's motion for leave to file an amended answer and counterclaim. *Page 3 
 {¶ 7} On March 31, 2006, appellant filed a memorandum in opposition to appellee's motion for default judgment and motion to strike. In the accompanying memorandum, appellant argued he had never received service of the trial court's entry filed November 17, 2005. Appellant also filed a motion for leave to file an answer and jury demand out of time.
 {¶ 8} By entry filed April 17, 2006, the trial court denied appellant's motion for leave to file an answer and counterclaim. In its decision, the court found appellant's assertions that he did not receive a copy of the court's November 17, 2005 entry to be "not credible," and the court determined appellant had not demonstrated excusable neglect for the delay. The court further found that appellee was entitled to default judgment, and the court entered an award in favor of appellee in the amount of $6,888.08.
 {¶ 9} On appeal, appellant sets forth the following five assignments of error for this court's review:
 A. FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT THE NOVEMBER 17, 2005 ENTRY OVERRULING SOHI'S MOTION TO QUASH SUMMONS WAS MAILED TO HIM.
 B. SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT "THE NOVEMBER 17, 2005 ENTRY WAS MAILED IN ENVELOPES PREPARED BY THE COURT'S SECRETARY AND MAILED TO THE DEFENDANT AT THE SERVICE ADDRESS." *Page 4 
 C. THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT SOHI RECEIVED THE NOVEMBER 17, 2005 ENTRY OVERRULING HIS MOTION TO QUASH SUMMONS.
 D. FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING SOHI'S FAILURE TO FILE HIS ANSWER WITHIN 14 DAYS FOLLOWING ENTRY OF THE NOVEMBER 14, [sic] 2005 ORDER DENYING HIS MOTION TO QUASH SUMMONS WAS NOT DUE TO EXCUSABLE NEGLECT.
 E. FIFTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN DENYING SOHI'S MOTION FOR LEAVE TO FILE HIS ANSWER OUT OF TIME, AND IN GRANTING DEFAULT JUDGMENT FOR THE PLAINTIFF.
 {¶ 10} Appellant's five assignments of error are interrelated and will be considered jointly. Under these assignments of error, appellant generally challenges the trial court's determination that he failed to demonstrate excusable neglect in not filing a timely response to the complaint following the court's denial of his motion to quash summons.
 {¶ 11} Appellant initially challenges, under the first, second, and third assignments of error, the trial court's finding that a copy of the court's November 17, 2005 entry was mailed to him. Appellant argues that the court's journal is devoid of any evidence or indication that this entry was ever sent to him, as there is no notation of service or notice in the journal; appellant maintains he did not obtain a copy of this entry until he received appellee's motion for default judgment, filed January 31, 2006.
 {¶ 12} In Davis v. Immediate Med. Serv., Inc. (1997),80 Ohio St.3d 10, 14, the Ohio Supreme Court held: *Page 5 
 Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action. Civ.R. 55(A). Civ.R. 6(B)(2) allows for an extension of time to file a late pleading within the trial court's discretion "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." A ruling by the trial court on such a motion will be upheld absent an abuse of discretion. Marion Prod. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271 533 N.E.2d 325, 331.
 In determining whether neglect is excusable or inexcusable, all the surrounding facts and circumstances must be taken into consideration. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus. Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances. State ex rel. Weiss v. Indus. Comm. (1992), 65 Ohio St.3d 470, 473, 605 N.E.2d 37, 39, citing GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 152, 1 Ohio Op.3d 86, 89, 351 N.E.2d 113, 117.
 {¶ 13} As noted under the facts, appellee filed its complaint on August 22, 2005. In response, appellant filed, on October 13, 2005, a "motion to quash summons for want of jurisdiction." The trial court denied appellant's motion to quash by entry filed November 17, 2005. While determining that the motion to quash was "not an answer," the court characterized the motion as an "appearance," in accordance with Civ.R. 55(A). Thus, as noted by the trial court in its decision granting appellee's motion for default judgment, appellant had until December 1, 2005 to file an answer. See Civ.R. 12(A)(2)(a) ("if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action"). Appellant, however, did not file a response within 14 days, and appellee filed a motion for default judgment January 31, 2006. Appellant filed a motion for leave to file an answer and *Page 6 
counterclaim on February 14, 2006, and he later filed, on March 31, 2006, a revised motion for leave to file an answer.
 {¶ 14} The trial court, in its decision denying appellant's motion for leave to file an answer and counterclaim, held in relevant part:
 * * * As previously noted, defendant first moved the court to grant leave to file an Answer two and one-half months after the Answer was due, thus the defendant must show that his "failure to act was the result of excusable neglect." * * * The February 14th filings by the defendant offered no explanation why Dr. Sohi failed to answer. Failure to check the developments in a case resulting in a request for leave to file an answer only after a motion for default was filed does not constitute "excusable neglect." * * * Defendant's Motion for Leave to File Amended Answer of Defendant and Counterclaim asserts defenses and a Counterclaim that exceeds the court's jurisdiction in a format that looks like an Answer and Counterclaim, but the accompanying Motion Contra Plaintiff's Motion for Default Judgment does not offer any explanation for the delayed filing.
 * * *
 Defendant states in his affidavit that he never received a copy of the November 17, 2005 order. The court does not find this assertion credible. At the pretrial conference held on February 24, 2006 defendant asked if the case could be transferred to the Hamilton County Common Pleas Court because the Counterclaim * * * [exceeded] the Municipal Court's jurisdiction. The court explained that defendant's Motion to Transfer the case to Hamilton County had already been denied. More importantly, the last sentence of defendant's February 14, 2006 filing states "The claim and counterclaim exceed the limits for Municipal Court. Defendant moves this Honorable Court to transfer the case to the Court of Common Pleas, Franklin County, Ohio." Why would the defendant who "assumed that the purpose of the pretrial conference would be to discuss and argue my motion to quash and dismiss" abandon this request in his filings before the pretrial? (Defendant's Affidavit, paragraph 9.) Again, the court finds that the defendant's assertions are not credible. Defendant has failed to demonstrate that he failed to receive *Page 7 
the court's entry of November 17, 2005 that was mailed to the address where he was served and where he admits he received court notices mailed eleven days later. * * *
 {¶ 15} Thus, in the instant case, the trial court did not find credible appellant's contention he failed to receive a copy of the court's November 17, 2005 entry denying his motion to quash. The trial court also found, in addressing the issue of excusable neglect, that appellant's initial filings in response to the motion for default judgment contained no explanation for appellant's delayed filing.
 {¶ 16} Under his first three assignments of error, appellant essentially frames the issue as whether the trial court's November 17 order, triggering the 14-day answer period, was ever served on him, and appellant challenges language in the court's decision regarding the court's practices in sending notice of its orders. We note that the trial court's November 17, 2005 entry appears on the court's docketing sheet, and the entry itself contains a direction to serve copies to appellant at 4544 Montgomery Rd., Cincinnati, Ohio, 45212. However, even assuming appellant did not receive actual notice of the court's order at the time it was docketed, appellant acknowledges he was aware the court denied his motion to quash when he received appellee's motion for default judgment.
 {¶ 17} Appellee's motion for default judgment, which was received by the trial court on January 31, 2006, contains a certificate of service, indicating that a copy of the motion was mailed to appellant on January 27, 2006. On February 14, 2006, appellant filed a motion seeking leave to file an "amended" answer and counterclaim. As noted by the trial court, however, appellant's motion for leave contained no explanation for his failure to timely file an answer. Nor did appellant's memorandum contra the motion for default *Page 8 
judgment, filed at the same time, contain any mention by appellant of having failed to receive a copy of the court's November 17 order. Thus, at the time of the filing of appellant's initial motion for leave in February, appellant provided the court no basis upon which to find excusable neglect.
 {¶ 18} We note the record indicates the trial court conducted a pretrial hearing on February 24, 2006. While there is no transcript of the hearing, there is also nothing in the record suggesting that the trial court was made aware, during that hearing, of appellant's failure to have received the November 17, 2005 order at the time it was entered on the court's docket. Rather, the first mention on the record that appellant failed to receive notice of the court's order was when appellant filed, on March 31, 2006, a revised motion for leave to file an answer, as well as a second memorandum in opposition to appellee's motion for default judgment. In the memorandum, appellant argued that the trial court "apparently did not serve the Order on the defendant * * * or issue any notice to him that the Order had been entered." In an accompanying affidavit, appellant stated: "I remained unaware that the Court had denied my motion to quash and to dismiss until I received the plaintiff's motion for default judgment."
 {¶ 19} Upon review, and even assuming, arguendo, appellant was not on notice that the trial court had ruled on his motion to quash until he received the motion for default judgment in January 2006, we find no error by the trial court in denying appellant's motion for leave. The record indicates that appellant waited several months following receipt of the motion for default judgment before seeking leave on the basis he was unaware of the court's November 2005 order. Further, the facts as set forth in appellant's affidavit, filed March 31, 2006, would have been known to him at the time he initially sought leave on *Page 9 
February 14, 2006, and he could have informed the court, at that first opportunity, of the reason for missing the deadline. Appellant failed to do so, resulting in further delay which was within his control to prevent. As noted, the determination of whether neglect is excusable or inexcusable requires a court to consider all of the surrounding facts and circumstances. Davis, supra, at 14. Under the facts and circumstances of this case, we conclude the trial court acted within its discretion in finding that appellant's belated explanation did not constitute excusable neglect.[1]
 {¶ 20} Accordingly, in the absence of excusable neglect, and finding no abuse of discretion by the trial court in denying appellant's motion for leave, the trial court also did not err in granting appellee's motion for default judgment.
 {¶ 21} Based upon the foregoing, appellant's first, second, third, fourth, and fifth assignments of error are without merit and are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
 PETREE and KLATT, JJ., concur.
[1] We therefore find appellant's arguments regarding whether he was mailed notice of the trial court's November 17, 2005 order to be not dispositive. *Page 1