[Cite as *In re R.E.C.*, 2011-Ohio-3437.]

IN THE COURT OF APPEALS OF OHIO

FOURTH APPELLATE DISTRICT

WASHINGTON COUNTY

IN THE MATTER OF:                                    :

    R.E.C.                                          :       Case No.      11CA2

                                                    :

                                                    :       DECISION AND JUDGMENT ENTRY

                                                    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:  Nancy E. Brum, 200 Putnam Street, Suite 600, Marietta, Ohio 45750

COUNSEL FOR APPELLEE:     James E. Schneider and Susan L. Vessels, 205 Putnam Street, Marietta, Ohio 45750

CIVIL CASE FROM COMMON PLEAS COURT

DATE JOURNALIZED: 7-5-11

ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that awarded

Washington County Children Services (WCCS) temporary custody of R.E.C., born August 14, 1995.

{¶ 2} E.H., the child's natural mother and appellant herein, assigns the following error for review:

> "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTHER'S REQUEST TO
> PLACE R[.]E[.]C[.] IN HER CUSTODY AT THE DISPOSITIONAL HEARING IN THAT THE
> COURT'S DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND

WAS NOT IN THE BEST INTEREST OF THE CHILD."

{¶ 3} In August 2010, WCCS learned that R.E.C.'s father was in jail and that the child was not properly supervised. On August 25, 2010, the trial court granted WCCS ex parte emergency custody of the child.

{¶ 4} On August 26, 2010, WCCS filed a complaint that alleged the child to be dependent and neglected and requested temporary custody. The complaint alleged that WCCS received information that the child's father allowed the child "to smoke 'weed.'" WCCS additionally learned that the father was in jail and that the child had refused to stay with appellant while his father was in jail.

{¶ 5} The father advised WCCS that he had left the child with a friend, Emily Knotts. Knotts stated that the child refused to stay at her home because he did not want to abide by her rules. Knotts advised WCCS that the child was staying with Bill Scarbrough. Mr. Scarbrough stated that the child is staying with him, but the child is frequently not at home and roams about the area unsupervised.

{¶ 6} WCCS contacted appellant and she stated that she wanted the child to stay with her while the father was in jail, but the child refused to do so. At the time, appellant lived in a home with several other people and did not have a job.

{¶ 7} On August 26, 2010, the trial court continued the temporary custody pending a full hearing. Subsequently, the court adjudicated the child a dependent child and dismissed the neglect allegation. The court continued the WCCS's temporary custody order.

{¶ 8} On November 12, 2010, the guardian ad litem filed a report. The guardian stated:

> "While [appellant's] past is cause for concern, she is making an attempt to show that she can provide for R E C [sic]. As long as [appellant] can continue to put forth the effort to provide for R E C, there is no reason why he should not be in her care. However, prior to placing R E C in [appellant's] custody, I would like to see how R E C does on extended visits with [appellant]. This will also provide an opportunity for [appellant] to continue her compliance with the case plan."

The guardian ad litem thus recommended that the trial court continue the child in WCCS's temporary custody and allow appellant

to have unsupervised weekend visits for at least two months.     The guardian ad litem stated that if appellant maintains stable

housing and "the visits go well," the court should place the child in appellant's custody.

{¶ 9} On November 19, 2010, the court held a dispositional hearing.     WCCS caseworker Elizabeth Ault testified that

(1) appellant does not have independent transportation; (2) appellant's main source of income had been her live-in boyfriend,

who is now in jail in Florida; (3) appellant's mother and sister have provided some financial assistance so that appellant can

maintain her housing; and (4) appellant does not have a telephone in her house and her cell phone has not worked for the prior

two weeks.     Ault believed that the child should remain in WCCS's temporary custody and explained:

> "* * * [The child] has done really well where he is.     He's improved academically, his
> behaviors have improved.     He's really thriving.     He's never stayed overnight with his
> mom yet.
>          So we were just kind of wanting to transition him into * * * staying with his mom for the weekends,
> and then we would even be willing to agree to a thirty [day] visit assuming that all visits have gone well maybe
> after * * * two months of weekend visits."

Ault advised the court that she believes it would be better to slowly transition the child into appellant's custody, rather than

immediately changing to appellant's home, which would also require him to change schools.

{¶ 10} After the hearing, the court took the matter under advisement, continued the child in WCCS's temporary

custody, and granted appellant weekend visitation.     On January 18, 2011, the trial court entered a dispositional order that

placed the child in WCCS's temporary custody.     The court stated that it "needs to see that the mother can maintain stability

before placing her son in her home."     This appeal followed.

{¶ 11} In her sole assignment of error, appellant asserts that the trial court abused its discretion by placing the child in

WCCS's temporary custody.     We disagree with appellant.

{¶ 12} A juvenile court has broad discretion in the disposition of an abused, neglected or dependent child.     See R.C.

2151.353(A) and Juv.R. 29(D).     Absent an abuse of discretion, a reviewing court will not generally reverse a trial court's R.C.

2151.353(A)(2) dispositional order.     In re Barnosky, Athens App. No. 03CA32, 2004-Ohio-1127, ¶31, citing In re Malone,

Franklin App. No. 03AP-489, 2003-Ohio-7156; In re Lewis, Athens App. No. 01CA20, 2001-Ohio-2618.     An abuse of discretion

is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.     See,

e.g., In re Jane Doe (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181.     Furthermore, when applying the abuse of discretion

standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.     See, e.g., In re Jane Doe 1; Berk

v. Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.     Moreover, deferring to a trial court on matters of credibility is

"crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to

the record well."     Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, 1162.

{¶ 13} Under R.C. 2151.353(A), a court may make any of the following dispositional orders concerning an abused,

neglected or dependent child:

> (1) Place the child in protective supervision;
> (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court;
> (3) Award legal custody of the child to either parent * * *
> (4) Commit the child to the permanent custody of a public children services agency or private child placing agency * * *
> (5) Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency * * *
> (6) Order the removal from the child's home * * *.

{¶ 14} When choosing among the dispositional alternatives, the court's "primary, if not only, consideration" is the

child's best interest.     In re Pryor (1993), 86 Ohio App.3d 327, 332, 620 N.E.2d 973; see, also, Barnosky at ¶30; In re Jandrew

(Dec. 29, 1997), Washington 97CA4.     Furthermore, when making its dispositional order, a court must consider which situation

will best promote the "care, protection, and mental and physical development" of the child.     R.C. 2151.01(A).     A court should

separate a child from his family environment "only when necessary for the child's welfare or in the interests of public safety."

Id.     If a court chooses to award temporary custody to a children services agency, the preponderance of the evidence must support that award.     See Barnosky at ¶30, citing In re Willmann (1986), 24 Ohio App.3d 191, 198, 493 N.E.2d 1380; In re Malone, Franklin App. No. 03AP-489, 2003-Ohio-7156; In re Day, Clermont App. No. CA2002-09-073, 2003-Ohio-3544.

{¶ 15} In the case at bar, we do not believe that the trial court abused its discretion by placing the child in WCCS's temporary custody.     We agree with the court that the evidence supports the decision to award WCCS temporary custody. Appellant has had little consistent contact with the child for the several years that she lived in Florida.     The child has not been in her custody in the recent past.     Appellant recently returned to Ohio and has yet to obtain employment.     In October 2010, she obtained independent housing that, by all accounts, is appropriate.     She has not, however, maintained that independent housing through her own financial means, but instead has relied upon the kindness of family and a now incarcerated boyfriend. The child appears to be well-adjusted in his present environment and the WCCS caseworker testified that she believed it would be disruptive and against the child's best interest to remove him from his current placement and place him in appellant's custody. The caseworker believed that the better plan is to slowly transition the child to appellant's custody.     In light of this testimony, we simply cannot conclude that the trial court should have concluded that removing the child from his current environment and placing him in appellant's custody, which would also require a change in schools and his removal from his current basketball team, is in the child's best interests.     The trial court reasonably concluded that maintaining the status quo, while allowing appellant to exercise overnight weekend visitations, with the goal of reunification, serves the child's best interests.

{¶ 16} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court,

Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY: _____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

a.   Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.