OPINION
{¶ 1} Appellant, Howard Rossington (hereinafter "Rossington"), appeals the judgment of the Crawford County Court of Common Pleas which affirmed the decision of the Bucyrus Civil Service Commission (hereinafter "Commission") dismissing his appeal for lack of jurisdiction.
 {¶ 2} In August 2003, Rossington worked as a utility maintenance worker for the City of Bucyrus (hereinafter "City"). During that period of time, the incumbent mayor offered Rossington a job as the Service Department Superintendent. However, the incumbent mayor had previously lost his bid for re-election in the May primary election, and all parties anticipated that a new mayor would be elected in the November general election. Although the incumbent mayor informed Rossington that he could possibly be removed by the new mayor, Rossington accepted the job offer. Several months later, the new mayor removed Rossington from his position.
 {¶ 3} On January 12, 2004, Rossington appealed his removal to the Commission. Thereafter, the City filed a motion challenging the Commission's jurisdiction. After holding an evidentiary hearing, the Commission found Rossington to be an unclassified employee under both R.C. 124.11(A)(3) and (28). Consequently, the Commission concluded it lacked jurisdiction, and on appeal, the common pleas court affirmed the Commission's decision.
 {¶ 4} It is from this judgment that Rossington appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred when it determined that the BucyrusMunicipal Civil Service Commission Lacked Subject MatterJurisdiction over the appeal of Plaintiff-Appellant HowardRossington.
 {¶ 5} In his sole assignment of error, Rossington argues the common pleas court erred when it concluded that he was an unclassified employee, and thus, that the Commission lacked jurisdiction to hear his appeal. For the reasons that follow, we find Rossington's argument unavailing.
 {¶ 6} R.C. 2506.04 defines the scope of review for an administrative appeal. In construing the language of that statute, the Supreme Court of Ohio has stated an appellate court's inquiry in an administrative appeal is limited to questions of law and "does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence' as is granted to the common pleas court."Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, 735 N.E.2d 433, quoting Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848, fn.4. As such, an appellate court is to determine only if the common pleas court abused its discretion when it considered an appeal from an administrative board. Henley, 90 Ohio St.3d at 148. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 7} R.C. 124.11(A) and (B) place civil service employees into classified and unclassified levels of service. Unclassified employees include, among others, "heads of departments appointed by the mayor." R.C. 124.11(A)(3). By contrast, classified employees are all city employees "not specifically included in the unclassified service." R.C. 124.11(B).
 {¶ 8} R.C. 124.40(A) provides that a municipal civil service commission shall:
[E]exercise all other powers and perform all other duties withrespect to the civil service of such city, city school district,and city health district, as prescribed in this chapter andconferred upon the director of administrative services and thestate personnel board of review with respect to the civil serviceof the state * * *.
Among those duties is the power to "[h]ear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * *." R.C. 124.03(A). Emphasis added. Accordingly, the issue on appeal is whether the position of Service Department Superintendent was classified or, as held by the trial court, unclassified.
 {¶ 9} Notably, R.C. 733.03 grants the mayor of a city the power to appoint and remove "heads of sub departments of public service and public safety." This court has previously held there is no distinction between "heads of departments appointed by the mayor" under R.C. 124.11 and "heads of sub departments of public service and public safety" under R.C. 733.03. Fish v. Ritchey
(June 5, 1980), 3d Dist. No. 3-80-2, at *2. Thus, "heads of departments appointed by the mayor" may be removed pursuant to R.C. 733.03, and a municipal civil service commission is without jurisdiction to hear an appeal following such a dismissal by virtue of R.C. 124.03(A) and R.C. 124.40(A).
 {¶ 10} The transcript of the evidentiary hearing reflects that the city auditor, the former mayor, the new mayor, and the local union president all labeled the Service Department Superintendent a "department head." The transcript further provides that, after accepting the new position, Rossington assisted in developing and conforming to a $1 million budget, made various budget recommendations, and had authority to spend the City's funds to the limit of $100.00 per day on any blanket purchase orders within his department. Among other things, Rossington also assigned work to approximately fifteen subordinates, oversaw the quantity and quality of the work they performed, conducted interviews for vacant positions, and had the perogatory to recommend disciplinary measures.
 {¶ 11} Rossington refutes these facts by arguing other classified positions, including his prior position as a utility maintenance worker, maintained responsibilities similar to those of the Service Department Superintendent. From this premise, Rossington posits that the position of Service Department Superintendent must, therefore, also be classified.
 {¶ 12} Unlike the position in issue, however, the "comparable" positions cited by Rossington fall within the collective bargaining agreement between the local union and the City, which provides separate and independent hiring, layoff, removal, and grievance procedures. Additionally, the record reflects the "comparable" positions required considerably less responsibility than that of Service Department Superintendent.
 {¶ 13} After reviewing the record, we find the position of Service Department Superintendent to be a department head within the meaning of R.C. 124.11(A)(3) and, therefore, within the unclassified level of service. Consequently, we cannot say the common pleas court abused its discretion when it determined the Commission lacked jurisdiction to hear Rossington's appeal.
 {¶ 14} Even if the record did not support such a conclusion, however, unclassified employees also include "deputies and assistants of elective or principal executive officers * * * holding a fiduciary relation to their principals." R.C.124.11(A)(28). The common pleas court made the additional determination under R.C. 124.11(A)(28) that the Service Department Superintendent acted as a "fiduciary" to two "principals," the mayor and Service Safety Director. Thus, the common pleas court found an extra reason to conclude the position was unclassified.
 {¶ 15} We find that Rossington's role in budgetary planning as well as his oversight of subordinate employees substantiates this finding of a fiduciary relationship. See, e.g., Rarick v.Geauga County Bd. of Commrs. (1980), 63 Ohio St.2d 34, 38-39,406 N.E.2d 1101 (holding county service superintendent and assistant county service superintendent were unclassified because of duties to purchase supplies under blanket orders and supervise subordinates). We must, therefore, conclude the common pleas court did not abuse its discretion in making this additional determination which supported its decision.
 {¶ 16} Rossington also contends that R.C. 124.11(D) enables him to reclaim his position as a utility maintenance worker even if he was an unclassified employee.[1] However, R.C.124.11(D) applies to employees "paid directly by warrant of the auditor of state." Since Rossington was not paid directly by the auditor of state, R.C. 124.11(D) is inapplicable. Rossington's contention in this regard is without merit.
 {¶ 17} Rossington further argues the Commission issued "Proposed Rules" adopting various state policies and procedures related to changes in employment classifications. Specifically, Rossington asserts these policies and procedures required that he be notified of a change in his status as a classified employee, and he received no such notification.
 {¶ 18} Neither the Commission nor the common pleas court determined whether Rossington's position as a utility maintenance worker fell within the classified or unclassified levels of service. In fact, the Commission expressly declined to do so, as Rossington's former position was governed by the terms of the collective bargaining agreement.
 {¶ 19} Even assuming, arguendo, the status of Rossington's prior position is relevant to the jurisdictional question at issue, there is no evidence in the record suggesting the Commission ever adopted the "Proposed Rules." Additionally, the incumbent mayor informed Rossington that, possibly, Rossington could be removed by the newly elected mayor. Despite this uncertainty, Rossington accepted the job offer. Rossington's argument, therefore, is without merit.
 {¶ 20} Lastly, Rossington cites Esselburne v. Ohio Dept. ofAgriculture (1985), 29 Ohio App.3d 152, 504 N.E.2d 434, for the proposition that a civil service employee may not be transferred from a classified position to an unclassified position without the approval of a municipal civil service commission. However, unlike the matter considered herein, Esselburne involved an appointing authority that attempted to unilaterally change a civil service employee's status from classified to unclassified. We find Esselburne to be factually distinguishable and unpersuasive.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the common pleas court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] R.C. 124.11(D) provides, in pertinent part, as follows: "An appointing authority whose employees are paid directly bywarrant of the auditor of state may appoint a person who holds a certified position in the classified service within the appointing authority's agency to a position in the unclassified service within that agency. A person appointed pursuant to this division to a position in the unclassified service shall retain the right to resume the position and status held by the person in the classified service immediately prior to the person's appointment to the position in the unclassified service, regardless of the number of positions the person held in the unclassified service." Emphasis added.