OPINION *Page 2 
{¶ 1} On February 17, 2004, appellant, Robert Ketter, a classified civil service employee of appellee, City of Newark, was placed on administrative leave from his position as a Housing Rehabilitation Supervisor. A pre-disciplinary hearing was held on December 31, 2004. By findings and recommendations dated January 18, 2005, the hearing officer recommended that appellant "be returned to work promptly and placed on 90 days probation." By letter dated January 21, 2005, the Mayor of the city of Newark accepted the recommendations and notified appellant.
 {¶ 2} On January 27, 2005, appellant appealed his probationary status with the Newark City Civil Service Commission. By report dated April 19, 2005, a hearing examiner found the commission lacked jurisdiction to decide the appeal. On May 3, 2005, the commission affirmed the report.
 {¶ 3} On June 21, 2005, appellant appealed to the Court of Common Pleas of Licking County, Ohio. By judgment entry nunc pro tunc filed February 1, 2008, the trial court denied appellant's appeal, adopting the reasoning of the hearing examiner in his April 19, 2005 report.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE DECISION OF THE LOWER COURT AFFIRMING THE ORDER OF THE NEWARK CITY CIVIL SERVICE COMMISSION WAS AN ABUSE OF DISCRETION INSOFAR AS THE ORDER OF THE COMMISSION DISMISSING THE APPEAL OF MR. KETTER FROM HIS PLACEMENT ON A 90-DAY PROBATIONARY *Page 3 
STATUS WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW."
 I {¶ 6} Appellant claims the trial court erred in affirming the order dismissing his appeal to the Newark City Civil Service Commission. Specifically, appellant claims the commission had jurisdiction to hear his claim. We disagree.
 {¶ 7} In an appeal pursuant to R.C. Chapter 119, the trial court reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Wolff v. Department of Job Family Services,165 Ohio App.3d 118, 2006-Ohio-214, citing University of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108. When reviewing the trial court's determination regarding whether an administrative order is supported by such evidence however, the appellate court determines only whether the trial court abused its discretion. Lincoln Street Salvage v. Ohio Motor Vehicles SalvageDealers Licensing Board, Stark App. No. 2002CA00089, 2002-Ohio-4661, at ¶ 10, citing Young v. Cuyahoga Work Training Agency (July 19, 2001), Cuyahoga App. No. 79123, and Rossford Exempted Village School DistrictBoard of Education v. State Board of Education (1992),63 Ohio St.3d 705. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 8} Essentially, this is not a fact-oriented case. The question is whether the Newark City Civil Service Commission had jurisdiction to entertain appellant's appeal of his 90 days probationary status. By report dated April 19, 2005, a hearing examiner *Page 4 
determined the commission lacked jurisdiction to decide appellant's appeal because "none of the triggering events associated with O.R.C. § 124.34 (B) occurred." In reviewing this decision, the commission's May 3, 2005 minutes state the following:
 {¶ 9} "The parties and their attorneys were excused from the hearing room, so that the Commission could discuss the case. The parties and their attorneys were called back to the hearing room, and the following action was taken.
 {¶ 10} "Mr. Porter moved, seconded by Mr. Hughes that the report of the Hearing Officer be affirmed, and that Mr. Ketter's appeal be dismissed. The question was called, and a roll call of the Commission was conducted, all members giving an affirmative vote to the motion, which carried unanimously. Mr. Ketter's appeal was dismissed."
 {¶ 11} Although it appears the commission affirmed the hearing officer's report on the validity of the 90 days probationary period, the arguments sub judice center on the question of jurisdiction.
 {¶ 12} Appellee points out the Newark City Civil Service Commission Rule IX, which governs reductions, suspensions, and removals, specifically states, "no such officer or employee shall be reduced in pay or position, suspended, or removed except as provided in Section 124.32 of the Ohio Revised Code * * *"
 {¶ 13} Rule IX mirrors R.C. 124.32(B), which stated the following (in effect at the time):
 {¶ 14} "In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such *Page 5 
order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.
 {¶ 15} "Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission."
 {¶ 16} Appellee argues the placing of an employee on probationary status does not constitute "reduction, suspension of more than three working days, or removal." Furthermore, Rule IX states, "In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the Commission to the Court of Common Pleas, in accordance with the procedure provided by Section 119.12 of the Revised Code."
 {¶ 17} Appellant argues the very fact that he was placed on "probation" for 90 days altered his status from a classified civil service employee to an unclassified position. Appellant argues his probationary status obviates all his rights to the position and essentially makes him an employee "at-will" subject to termination without cause. Included in the Mayor's January 21, 2005 order placing appellant on probationary status is the following statement, which also included a laundry list of requirements to be met:
 {¶ 18} "I am writing to notify you that I am accepting Ms. Hapner's findings and recommendation and that you should report back to work on Monday, January 24, 2005 on the condition that you will be on probation for 90 calendar days and will receive a performance evaluation at the end of those 90 days. I am taking this action on the grounds that you were inefficient, neglected your duties and/or were incompetent in regularly failing to document construction progress inspections; failing to document why the lowest bidder was not selected; failing to obtain signed contracts between the *Page 6 
homeowner and contractor; and improperly approving and processing change orders in the last six months of 2003 and January 2004."
 {¶ 19} In support of his argument, appellant cites the case ofState ex rel. Weiss v. Industrial Commission of Ohio, 65 Ohio St.3d 470,1992-Ohio-71. In Weiss, the Supreme Court of Ohio found a change in job from classified to unclassified status was an appealable issue pursuant to R.C. 124.03; therefore the Weiss court denied relator's mandamus action, finding she had an adequate remedy at law by way of appeal to the Court of Common Pleas under R.C. Chapters 119 and 124.
 {¶ 20} Appellant argues placing him on probationary status was a job action tantamount to removing him from classified status. At the very heart of this controversy is whether placing a person on probationary status with a laundry list of requirements subject to immediate review is in fact a job demotion.
 {¶ 21} All parties concede if there was a "reduction, suspension of more than three working days, or removal" at the end of appellant's 90 days probationary period, an appeal to the Newark City Civil Service Commission would be appropriate.
 {¶ 22} Upon review, we find nothing in the probationary order to imply that appellant lost any status or rights conferred by his classified position. We conclude the mere placing of a person on probation as a disciplinary measure is not tantamount to a reduction in pay, status, or classification. We concur with the trial court that the Newark City Civil Service Commission did not have jurisdiction to entertain appellant's appeal.
 {¶ 23} The sole assignment of error is denied. *Page 7 
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. By Farmer, J. Hoffman, P.J. and Delaney, J. concur. Licking County, Case No. 2008CA0026
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1