DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas that granted plaintiff-appellee Carol Yoakam's motion for default judgment and ordered defendant-appellant Karen Boyd to pay damages totaling $20,539. Boyd now challenges that judgment through the following assignments of error: *Page 2 
 {¶ 2} "1. The trial court erred in granting plaintiffs motion for default judgment without notice to the defendant as required under Civ. R. 55(A) and Local Rule 41.
 {¶ 3} "2. The trial court erred in granting plaintiffs motion for default judgment without ruling on defendant's previously filed motion for leave to answer, which stated sufficient facts to establish excusable neglect under the circumstances of this case.
 {¶ 4} "3. The trial court erred in awarding punitive damages and attorney fees when there was no allegation of facts in the plaintiffs complaint to support an inference of malice and the court specifically precluded defendant from introducing any evidence on that issue."
 {¶ 5} The facts of this case are as follows. On June 1, 2007, Carol Yoakam filed a complaint against Karen Boyd alleging that Boyd had defamed her through the publication of a letter in which Boyd accused Yoakam of having been convicted of felony theft and of telling Boyd to commit an illegal act. Yoakam asserted that the comments made by Boyd were false and defamatory and caused her great harm. She then prayed for a judgment against Boyd, an award of punitive damages, attorney fees and other litigation costs.
 {¶ 6} The clerk of courts originally attempted service on Boyd at the address listed on the complaint in Chattanooga, Tennessee, through certified mail on June 6, 2007. On June 29, 2007, the certified mail was returned as "unclaimed." Yoakam then filed a praecipe for service by ordinary mail. On July 23, 2007, the clerk of courts mailed the summons and complaint to Boyd at her Chattanooga, Tennessee, address by ordinary *Page 3 
mail. The mail was not returned and Boyd did not file an answer or other responsive pleading within 28 days of service.
 {¶ 7} On August 27, 2007, Yoakam filed a motion for default judgment and requested a hearing on damages. Two days later, on August 29, 2007, at 9:02 a.m., Boyd filed in the court below a motion for leave to file an answer instanter. Boyd stated that she was a resident of Tennessee and only recently was able to retain counsel to represent her in this action. At 4:20 that same day, August 29, 2007, the lower court filed a judgment granting Yoakam's motion for default judgment. In that judgment, the court noted that "To date the defendant has not filed an answer or any other responsive pleadings and the ordinary mail has not been returned." The court also stated that a hearing to assess damages would follow. Subsequently, the lower court filed a decision and order that reads: "Telephone conference held September 13, 2007 with both counsel of record. Parties agree to proceed on the Default Judgment and set the matter for a hearing on damages."
 {¶ 8} The case proceeded to the hearing on damages on November 1, 2007, at which both Yoakam and Boyd testified. On January 15, 2008, the lower court issued a judgment awarding Yoakam a general verdict of $10,000, attorney fees of $3,039 and punitive damages of $7,500. Boyd now challenges that judgment on appeal.
 {¶ 9} We will first address Boyd's second assignment of error in which she asserts that the trial court erred in granting Yoakam's motion for default judgment without ruling on Boyd's motion for leave to answer. *Page 4 
 {¶ 10} Civ. R. 12(A)(1) states that a defendant shall serve his answer within 28 days after service of the summons and complaint. However, Civ. R. 6(B)(2) provides that, when a party moves for leave to file an untimely answer, a trial court may extend the 28 day time limit upon a showing of excusable neglect. A trial court has broad discretion to grant or deny a motion for leave to file an untimely answer, and the court's judgment will not be reversed on appeal absent a showing of an abuse of that discretion. Miller v. Lint (1980), 62 Ohio St.2d 209, 214. The trial court's discretion in this matter, however, is not unlimited, but requires a determination as to whether the neglect was excusable or inexcusable. Id. In making this determination, the Supreme Court of Ohio has stated that the trial court "must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Marion Production Credit Assn. v.Cochran (1988), 40 Ohio St.3d 265, 271 * * *. Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ. R. 6(B)(2) is less stringent than that applied under Civ. R. 60(B)."State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464, 466. "Neglect" as it relates to Civ. R. 6(B)(2) has been defined as "conduct that `"`falls substantially below what is reasonable under the circumstances.'"'" State ex rel. Weiss v. Indus. Comm. (1992),65 Ohio St.3d 470, 473, quoting GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 152. *Page 5 
 {¶ 11} In the present case, Boyd was served with a copy of the summons and complaint by ordinary mail on July 23, 2007, at her address in Tennessee. The summons stated that she was required to file an answer on or before August 21, 2007. No answer having been filed, Yoakam filed a motion for default judgment on August 27, 2007. On August 29, 2007, at 9:02 a.m., Boyd filed a motion for leave to file her answer instanter. In that motion Boyd stated that she is a resident of Tennessee and was only recently able to retain local counsel. She further asserted that she was not requesting leave to file her answer for purposes of delay and that the granting of the motion would not prejudice any party. At the end of that same day, the lower court granted Yoakam's motion for default judgment, expressly stating that "To date the defendant has not filed an answer or any other responsive pleading * * *." That is, the court cited Boyd's failure to file an answer or responsive pleading as a basis for granting the default judgment.
 {¶ 12} Under the circumstances of this case, we conclude that the trial court's granting of the motion for default judgment was unreasonable in light of Boyd's then pending motion for leave. Because Boyd presented an argument for excusable neglect in her motion, the trial court was required to consider all of the surrounding facts and circumstances to determine whether or not Boyd had established excusable neglect. At least one court has recognized an appellee's geographical distance from Ohio and the corresponding need to acquire local counsel as excusable neglect for failing to file a timely answer or other responsive pleading. See Merritt v. Cottee (Apr. 16, 1990), *Page 6 
12th Dist. No. CA89-07-061. We further note that Boyd filed her motion for leave a mere eight days after her answer was due.
 {¶ 13} Yoakam asserts that Boyd waived her right to challenge the court's failure to rule on her motion for leave because, as evidenced by the trial court's order of September 20, 2007, she agreed to proceed to the hearing on damages. It was, Yoakam contends, incumbent on Boyd, to file a motion to vacate the default judgment and request a hearing so as to present evidence of her claim of excusable neglect.
 {¶ 14} It is well-established that "[a] default judgment which determines the issue of liability but continues the matter for a determination of damages is not a final judgment." Arledge v.Brown, 5th Dist. No. 2006-CA-1 1, 2007-Ohio-57, ¶ 4. Civ. R. 55(B) provides that "[i]f a judgment by default has been entered, the court may set it aside in accordance with Civ. R. 60(B)." Accordingly, a court must enter both the default judgment and determine the damages before a party can seek to vacate the judgment, for Civ. R. 60(B) only permits the vacation of final judgments. Accordingly, we cannot say that Boyd waived her right to challenge the court's failure to rule on her motion for leave to file her answer.
 {¶ 15} For the reasons stated, we find that the lower court abused its discretion in granting Yoakam's motion for default judgment without ruling on Boyd's motion for leave to answer and the second assignment of error is well-taken.
 {¶ 16} In light of our ruling under the second assignment of error, the first and third assignments of error are moot and not well-taken. *Page 7 
 {¶ 17} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., William J. Skow, P.J., Thomas J. Osowik, J., concur. *Page 1