[Cite as *Bank of New York Mellon v. Belville*, 2017-Ohio-7772.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

The Bank of New York Mellon fka
The Bank of New York as Trustee
for the benefit of Alternative Loan
Trust 2007-J1 Mortgage Pass-
Through Certificates, Series 2007J-1
  P-Appellee

Court of Appeals No. L-16-1312

Trial Court No. CI0201604064

v.

Janessa Belville aka Janessa L.
Belville aka Janessa Kuhn, et al.

**DECISION AND JUDGMENT**

Appellants

Decided:  September 22, 2017

* * * * *

Jason A. Whitacre and Laura C. Infante, for appellee.

Mark M. Mockensturm, Brandon M. Rehkopf and
Samuel R. Harden, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a default judgment of the Lucas County Court of

Common Pleas that granted plaintiff-appellee's, Bank of New York, motion for default

judgment on its foreclosure action and further ordered defendant-appellant, Janessa

Belville, to pay the amount of $ 447,538.40 plus interest thereon at a rate of 3.25 percent per annum from June 1, 2015.

{¶ 2} Appellant challenges that judgment and presents a sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT RULING ON DEFENDANT'S PREVIOUSLY FILED MOTION FOR LEAVE TO ANSWER.

{¶ 3} The facts of this case are as follows. Appellee, The Bank of New York as Trustee for the benefit of Alternative Loan Trust 2007-J1 Mortgage Pass-Through Certificates, Series 2007J-1 filed its complaint in foreclosure on August 30, 2016. Appellee Janessa Kuhn (Belville) was served on September 9, 2016, and Tracy Kuhn was served on September 19, 2016. The answer date to plead or to otherwise respond to the complaint would have been October 7, 2016, for Janessa Kuhn and October 17, 2016, for Tracy Kuhn. No answer was filed by either named defendant.

{¶ 4} The Bank of New York Mellon filed a motion for default judgment on November 4, 2016. On November 15, 2016, the Kuhns, by and through counsel, filed a motion for leave to file answer instanter.

{¶ 5} On December 1, 2016, the trial court granted appellee's motion for default judgment without taking any action on appellants' motion.

2.

{¶ 6} Appellants argue that the trial court erred in granting appellee's motion for default judgment without first addressing and ruling on appellants' pending motion for leave to file answer instanter.

{¶ 7} In this case, it is undisputed that the answer date to respond to the complaint had lapsed at the time appellants filed their motion for leave to file answer instanter on November 15, 2016.

{¶ 8} Nevertheless, Civ.R. 6(B) provides a means to permit a court to grant additional time to a moving party to file a pleading. That rule states:

> **(B) Time; extension.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

{¶ 9} Therefore, upon a demonstration of excusable neglect for failing to respond to the complaint in a timely manner, a moving party may be granted additional time to

3.

plead. The determination of a matter pursuant to a Civ.R. 6(B) motion is addressed to the sound discretion of the trial court and will not be disturbed upon appeal "absent a showing of an abuse of discretion." *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988).

{¶ 10} We have held that the trial court's discretion in this matter is not unrestrained, but requires a determination as to whether the neglect was excusable or inexcusable. *Yoakam v. Boyd*, 6th Dist. No. OT-08-112, 2009-Ohio-395. We further noted in *Yoakam* that courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.

{¶ 11} Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B). *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995). "Neglect" as it relates to Civ.R. 6(B)(2) has been defined as "conduct that falls substantially below what is reasonable under the circumstances." *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473, 605 N.E.2d 37 (1992), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 152, 351 N.E.2d 113 (1976).

{¶ 12} Appellants stated in their motion that they recently retained counsel and that a default judgment had not yet been taken by appellee. Thus, appellants presented an argument for excusable neglect. Under these circumstances, as we held in *Yoakam*, the

4.

trial court was required to consider all of the surrounding circumstances to determine whether or not appellants had established excusable neglect.

{¶ 13} Thus, under the circumstances of this case, we conclude that granting the motion for default judgment was unreasonable in light of appellants' pending motion for leave to file answer instanter.

{¶ 14} Therefore, the sole assignment of error presented by appellants is found well-taken.

## Conclusion

{¶ 15} The judgment of the Lucas County Court of Common Pleas is reversed and remanded to the trial court to make a determination as to whether appellants have demonstrated excusable neglect in failing to respond to the complaint in a timely manner and for the trial court to rule on appellants' motion for leave to file answer instanter.  If excusable neglect is not demonstrated then the default judgment should be reinstated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE